**UNITED STATES DISTRICT COURT**

**DISTRICT OF COLUMBIA**

| | |
|---|---|
| PUJITHA VALLABHANENI<br><br>323 Prairie Point<br><br>Ofeallon, Missouri 63368<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES CITIZENSHIP AND<br><br>IMMIGRATION SERVICES,<br><br>20 Massachusetts Ave NW,<br><br>Washington DC 20529<br><br>Defendant. | Case No.:<br><br>COMPLAINT |

1

## **COMPLAINT**

### I. INTRODUCTION

1. This is an action brought pursuant to section 10b of the Administrative Procedure Act, 5 U.S.C. § 702, *et. seq.*, seeking to hold unlawful and set aside the decision of the United States Citizenship and Immigration Services (USCIS) in File Nos. A 105-469-629 / WAC1815053331 on January 10, 2019, finding that plaintiff PUJITHA VALLABHANENI failed to maintain her F-1 (student) nonimmigrant status, thereby rendering her "unlawfully present" in the United States retroactive to August 9, 2018. This decision was not in accordance with law inasmuch as it deprived Ms. Vallabhaneni of her legal immigration status and rendered her retroactively unlawfully present in proceedings to which she was not a party and so had no opportunity to participate in. It was also not in accordance with law in that it ignored a written statement from her prior employer certifying that she was in status during the relevant period. Finally it was arbitrary and capricious in that it was unsupported by substantial evidence in that the record contains absolutely no evidence whatsoever that Ms. Vallabhaneni was in fact unemployed for more than 90 days during her first optional practical training period. Accordingly, this decision should be held unlawful and set aside. Further, inasmuch as this decision, as it currently stands, will force Ms. Vallabhaneni to depart the United States no later than February 4, 2019 to avoid becoming inadmissible to the United States for three (3) years pursuant to 8 U.S.C § 1182(a)(9)(B)(i)(I), Ms. Vallabhaneni will be asking the Court to immediately issue a preliminary injunction postponing the effectiveness of this decision during the pendency of this action.

### II. PLAINTIFF

2. The plaintiff, PUJITHA VALLABHANENI, is a native, citizen and resident of India who has been admitted to the United States as a foreign student.

### III. DEFENDANT

3. The defendant, United States Citizenship and Immigration Services (USCIS), is an agency of the United States government residing in the District of Columbia.

### IV. JURISDICTION

4. This being a civil action against the United States arising under the Administrative Procedure Act, 5 U.S.C. § 701, *et. seq.,* a law of the United States, original jurisdiction over this matter is vested in this Court by 28 U.S.C. § 1331.

### V. STANDING

5. The plaintiff, PUJITHA VALLABHANENI, has a legally protected interest in a finding and/or conclusion by the USCIS regarding whether she has been maintaining legal status which is in accordance with law, 5 U.S.C. § 706(2), and this right has been invaded by the improper finding that she has failed to maintain status.  The invasion of this right has caused her concrete and particularized injury in that as a result of this invasion she has been rendered "unlawfully present" in the United States retroactive to August 9, 2018, and as a consequence she will be required to abandon her employment and depart the United States no later than February 4, 2019 to avoid becoming inadmissible to this country for three (3) years;  (2) there is a causal connection between the injury-in-fact and the defendant's challenged behavior in that it is precisely the defendant's

3

unlawful (and, in fact, unconstitutional) finding that she is out of status that will cause require her to depart the U.S. and (3) it is certain that the injury-in-fact will be redressed by a favorable ruling in that the setting aside of this decision pursuant to 5 U.S.C. § 706(2) will nullify the finding that she is out of status and unlawfully present, such that she will no longer be required to depart the United States to avoid becoming inadmissible. Accordingly, Ms. Vallabhaneni has standing to complain of this action. *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 560-61 (1992).

## VI. VENUE

6. Pursuant to 28 U.S.C. § 1391(e), venue is proper in the District of Columbia, where the defendant resides.

## VII. BRIEF STATEMENT MATERIAL FACTS

7. PUJITHA VALLABHANENI was first admitted to the United States in December, 2015 as an F-1 nonimmigrant student.

8. She graduated from the University of Central Missouri in May, 2017 with a Master's degree in Computer Science.

9. At approximately the same time she was authorized to be employed pursuant to post-completion optional practical training (OPT) for 1 year commencing May 8, 2017.

10. On April 12, 2018, Programmer Resources International, upon information and belief, a for profit corporation lawfully doing business in the state of Missouri, filed a Petition for a Nonimmigrant Worker (Form 1-129), with USCIS, seeking to classify Ms. Vallabhaneni as a temporary worker in a specialty occupation (H-IB) under 8 U.S.C. § 1101(a)(15)(H)(i)(b) with a concurrent application to change her nonimmigrant status to H-1B.

11. Ms. Vallabhaneni did not sign, directly or through counsel, this petition or application.

12. While this petition and application were still pending, the USCIS granted Ms. Vallabhaneni two (2) years of "STEM" (Science Technology Engineering and Mathematics) post completion optional practical training employment authorization, valid from May 8, 2018 to May 7, 2020.

13. On September 17, 2018 the USCIS issued a "Request For Evidence" (RFE) to Programmer Resources International which contained the following request:

> F-1 OPT Unemployment
> Students engaging in initial F-1 post-completion Optional Practical Training (OPT) may not accrue an aggregate of more than 90 days of unemployment during the initial post-completion OPT period. Students granted the 17-month OPT extension may not accrue an aggregate of more than 120 days of unemployment during the total OPT period including any initial OPT and the 17-month OPT extension. Students granted the 24-month OPT extension may not accrue an aggregate of more than 150 days of unemployment during the total OPT period including any initial OPT and the 24-month OPT extension. Further, students engaging in F- I post-completion OPT must engage in at least 20 hours or more per week of employment that is directly related to the student's U.S. major of study.Lastly, unpaid internships may meet the OPT employment requirements if the internship is directly related to the student's U.S. major of study and the internship complies with all labor laws. Please provide evidence that the beneficiary maintained the beneficiary's F-1 status during post-completion OPT. Evidence may include but is not limited to the following:
> • A list of all employers the beneficiary has worked for under post-completion OPT and the
> periods the beneficiary worked for those employers;
> • Copies of all pay records *I* stubs for the beneficiary from the starting date of post-completion OPT to the present time; and
> • Evidence that the beneficiary worked at least 20 hours or more per week in a position that is directly related to the beneficiary's U.S. major of study.

14. A copy of this RFE was not sent to Ms. Vallabhaneni and she was not authorized to respond to it.

15. Sometime thereafter Programmer Resources International responded to this RFE.

16. That response, which was prepared entirely by Programmer Resources International and/or its legal counsel and not by Ms. Vallabhaneni, included the following evidence that Ms. Vallabhaneni had been employed during her post completion optional practical training period:

- Ms. Vallabhaneni's Forms W-2, Wage and Tax Statement, for the year 2017 from a company named Vintech Solutions, Inc. ("Vintech");
- A letter dated March 5, 2018 from Vintech; and
- Ms. Vallabhaneni's pay stubs from Programmer Resources International showing that she was employed by it up to November 4, 2018.

17. On January 10, 2019, the USCIS issued a decision to Programmer Resources International in the forementioned matter, concluding and finding, among other things, that Ms. Vallabhaneni had failed to maintain her F-1 nonimmigrant status since on or before January 10, 2018.

18. The legal basis for this finding was the fact that USCIS regulations provide that an F-1 nonimmigrant violated her status if she accrued an aggregate of more than 90 days of unemployment during her initial post-completion OPT period.

19. The factual basis for this finding was the agency's conclusion that Ms. Vallabhaneni was unemployed for over 90 days from the beginning of her post-completion OPT period on May 7, 2017 and January 10, 2018.

20. The basis for this factual finding was that Programmers Resources International failed to give the USCIS what the agency considered to be sufficient evidence that Ms. Vallabhaneni was employed during that period.

21. In making the previously mentioned factual finding, the USCIS reasoned that:

Here, the beneficiary[1] began the beneficiary's OPT employment on May 8, 2017. The letter from Vintech stated that the beneficiary worked at Vintech from May 8, 2017 to January 10, 2018. This claim is unsupported by the record because while you provided the beneficiary's Form W-2 from Vintech, the Form W-2 does not show that the beneficiary engaged in qualifying F-1 OPT employment because the Form W-2 does not show the periods that the beneficiary worked during 2017. The record lacks probative evidence such as pay stubs to show that the beneficiary engaged in at least 20 hours of employment in a position that is directly related to the beneficiary's U.S. major of study from May 8, 2017 to January 10, 2018. Therefore, the beneficiary has accrued more than the allowable unemployment days from May 8, 2017 to January 10, 2018. Thus, you have not shown that the beneficiary has maintained the beneficiary's F-1 nonimmigrant status. Accordingly, the change of status request is denied because the beneficiary has accrued more than the allowable unemployment days during OPT. Moreover, the change of status request is also denied because the nonimmigrant visa petition filed in the beneficiary's behalf was denied.

The denial of the Form I-129 and the beneficiary's failure to maintain the beneficiary's nonimmigrant status leave the beneficiary without lawful immigration status. The beneficiary is now present in the United States in violation of the law. Failing to maintain valid nonimmigrant status or remaining in the United States beyond the expiration of nonimmigrant status will affect the beneficiary's ability to return to the United States in the future.

22. The decision failed to identify any evidence in the record that did show that Ms. Vallabhaneni was unemployed for even a single day during her post completion optional practical training period.

23. The decision mentioned, but did not consider, a letter dated March 5, 2018 from Vintech certifying "that Ms. Pujitha Vallabhaneni was employed in our organization as a Programmer Analyst in the 'Information Technology' department, from May 08, 2017 to January 10, 2018".

24. No copy of this decision was provided by USCIS to Ms. Vallabhaneni.

COUNT 1

---

[1] Pujitha Vallabhaneni.

# THE USCIS'S FINDING AND CONCLUSION THAT MS. VALLABHANENI DID NOT MAINTAIN HER STATUS WAS NOT IN ACCORDANCE WITH LAW BECAUSE IT DEPRIVED HER OF DUE PROCESS OF LAW

25. 5 U.S.C. § 706 provides in material part that:

> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall--
> …
> (2) hold unlawful and set aside agency action, findings, and conclusions found to be--
>   (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

26. "Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment" of the U.S. Constitution. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). The fundamental requirement of due process is the opportunity to be heard at 'a meaningful time and in a meaningful manner.'" *Id.* at 333 (quoting *Armstrong v. Manzo,* 380 U.S. 545, 552 (1965)).

27. In the adjudicative context, due process entitles a person to factfinding based on a record produced before the decisionmaker and disclosed to that person, *see Goldberg v. Kelly,* 397 U.S. 254, 271 (1970), and an individualized determination of his interests, *see Rhoa-Zamora v. INS,* 971 F.2d 26, 34 (7th Cir. 1992), *cert. denied,* 113 S. Ct. 1943 (1993). Finally, it requires that the decisionmaker actually consider the evidence and argument that a party presents. *See Morgan v. United States,* 298 U.S. 468, 481 (1936).

28. The USCIS's finding that Ms. Vallabhaneni violated her nonimmigrant status on or before January 10, 2018 deprived her of procedural due process in that it did not give her the

opportunity to be heard at a meaningful time and in a meaningful manner regarding this issue, or in fact to be heard at all, since the decision was made entirely in proceedings to which she was not a party, followed a request for evidence which was not sent to her and was contained in a decision that was not sent to her either.

29. The harm of this deprivation of due process to Ms. Vallabhaneni is profound in that, as explained below, unless it is held unlawful and set aside, or otherwise rendered ineffective, it will compel her to depart the United States by no later than February 4, 2019.

30. 8 U.S.C. § 1182(a)(9)(B)(i) provides in relevant part that:

In general. Any alien (other than an alien lawfully admitted for permanent residence) who--

> (I) was unlawfully present in the United States for a period of more than 180 days but less than 1 year, voluntarily departed the United States … prior to the commencement of proceedings under section 235(b)(1) [8 USCS § 1225(b)(1)] or section 240 [8 USCS § 1229a], and again seeks admission within 3 years of the date of such alien's departure or removal … is inadmissible.

31. In its Policy Memorandum PM-602-1060.1 of August 9, 2018, regarding "Accrual of Unlawful Presence and F, J, and M Nonimmigrants" provides in relevant part that "F, J, or M nonimmigrants who failed to maintain their nonimmigrant status before August 9, 2018 start accruing unlawful presence based on that failure on August 9, 2018, …".

32. Accordingly, the USCIS's finding that Ms. Vallabhaneni violated her status on or before January 10, 2018 means she started accruing unlawful presence on August 9, 2018.

33. Therefore, if Ms. Vallabhaneni voluntarily departs the United States after February 4, 2019 she will be inadmissible to the United States for three (3) years, per 8 U.S.C. § 1182(a)(9)(i)(I).

34. Accordingly, this decision has the effect of compelling Ms. Vallabhaneni to depart the United States on or before February 4, 2019 to avoid becoming subject to this 3 year inadmissibility period the next time she leaves the U.S.[2]

35. Therefore the USCIS has deprived Ms. Vallabhaneni of due process of law by entering a finding effectively compelling her to depart the U.S. in less than a month in proceedings to which she was not a party, had no notice of and was provided no opportunity to be heard in, contrary to The Due Process Clause of the Fifth or Fourteenth Amendment of the U.S. Constitution.

36. The Due Process Clauses of the Fifth and Fourteenth Amendments of the U.S. Constitution are laws of the United States.

WHEREFORE this Court should exercise its authority in 5 U.S.C. § 706(2) to hold unlawful and set aside the finding that plaintiff PUJITHA VALLABHANENI has violated her nonimmigrant status contained in the defendant USCIS's decision of January 10, 2019 in File Nos. A 105-469-629 / WAC1815053331 because it is not in accordance with law.

## COUNT 2

### THE USCIS'S FINDING THAT MS. VALLABHANENI DID NOT MAINTAIN HER STATUS WAS ARBITRARY AND CAPRICIOUS BECAUSE IT IGNORED PROBATIVE EVIDENCE CONTRADICTING THE AGENCY'S POSITION

---

[2] Absent action by this Court, Ms. Vallabhaneni will be rendered inadmissible to the United States for 10 years if she fails to depart the U.S. by August 7, 2019. 8 U.S.C. 1182(a)(9)(B)(i)(II).

37. PUJITHA VALLABHANENI adopts here by reference all prior statements made in this Complaint.

38. The above-mentioned decisioned stated that the record contained "A letter dated March 5, 2018 from Vintech" but ignored its contents, even though they directly contradicted the agency's finding that Ms. Vallabhaneni violated her status by being unemployed for over 90 days between May 7, 2017 and January 10, 2018 by certifying "that Ms. Pujitha Vallabhaneni was employed in our organization as a Programmer Analyst in the 'Information Technology' department, from May 08, 2017 to January 10, 2018."

39. "[A]n agency cannot ignore evidence contradicting its position." *Genuine Parts Co. v. EPA*, 890 F.3d 304, 312 (D.C. Cir. 2018) (quoting *Butte Cty. v. Hogen*, 613 F.3d 190, 194, 392 U.S. App. D.C. 25 (D.C. Cir. 2010)). A decision in which it does so is arbitrary and capricious. *Stellar IT Sols., Inc. v. United States Citizenship & Immigration Servs*. 2018 U.S. Dist. LEXIS 196284, *23; 2018 WL 6047413 (D.C. District Court).

WHEREFORE this Court should exercise its authority in 5 U.S.C. § 706(2) to hold unlawful and set aside the finding that plaintiff PUJITHA VALLABHANENI has violated her nonimmigrant status contained in the defendant USCIS's decision of January 10, 2019 in File Nos. A 105-469-629 / WAC1815053331 because it is arbitrary and capricious.

## COUNT 3

### THE USCIS'S FINDING AND CONCLUSION THAT MS. VALLABHANENI DID NOT MAINTAIN HER STATUS WAS ARBITRARY AND CAPRICIOUS BECAUSE IT WAS NOT SUPPORTED BY SUBSTANTIAL, OR IN FACT ANY, EVIDENCE

40. PUJITHA VALLABHANENI adopts here by reference all prior statements made in this Complaint.

41. The only evidence in the record of the above mentioned proceedings which is remotely relevant to the issue of whether Ms. Vallabhaneni violated her status on or before January 10, 2018 is a form W-2 showing that she was paid $31,416.26 in wages by Vintech in 2017 and a letter from Vintech certifying "that Ms. Pujitha Vallabhaneni was employed in our organization as a Programmer Analyst in the 'Information Technology' department, from May 08, 2017 to January 10, 2018."

42. Neither of these documents, nor anything else in the record, was at all probative of the USCIS's finding that Ms. Vallabhaneni violated her status by being unemployed for over 90 days between May 8, 2017 and January 10, 2018.

43. Inasmuch as the USCIS's finding that Ms. Vallabhaneni did not maintain her status was not supported by substantial, or in fact any, evidence, it was arbitrary and capricious. *Assn of Data Processing Serv. Orgs., Inc. v. Bd. of Governors of Fed. Reserve Sys.*, 745 F.2d 677, 683-84 (D.C.Cir.1984)) (Scalia, J.) (decision unsupported by substantial evidence is arbitrary and capricious).

WHEREFORE this Court should exercise its authority in 5 U.S.C. § 706(2) to hold unlawful and set aside the finding that plaintiff PUJITHA VALLABHANENI has violated her nonimmigrant status contained in the defendant USCIS's decision of January 10, 2019 in File Nos. A 105-469-629 / WAC1815053331 because it is arbitrary and capricious.

Respectfully submitted this  22nd day of January, 2019

*s/Michael E. Piston*
Michael E. Piston (MI 002)
Attorney for the Plaintiff
225 Broadway, 3rd Floor
New York, NY 10007
646-845-9895
michaelpiston4@gmail.com